## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

LARRY COCHRAN,                          )
                                        )
                    Petitioner,         )
        vs.                             )        2:12-cv-181-WTL-WGH
                                        )
JOHN OLIVER,                            )
                                        )
                    Respondent.         )


### Entry Discussing Petition for Writ of Habeas Corpus

Larry Cochran seeks a writ of habeas corpus challenging a prison disciplinary proceeding.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1.     A search of Cochran's cell on January 7, 2012, revealed the presence of a sharpened object. Possession of such an object violated prison rules and Cochran was charged with violating the rule prohibiting possession of a sharpened object.

2.     After Cochran was supplied with a copy of the charge and notified of his procedural rights, a hearing was conducted on January 26, 2012. Cochran made a statement concerning the charge. That statement and other evidence was considered. Cochran was found guilty and sanctioned.

3.     Cochran seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975).

4.      A prison inmate has a limited and well-defined interest in a setting such as is described above.

> Prisoners have a liberty interest in their good-time credits and credit-earning class and thus must be afforded due process before prison officials interfere with those rights. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001); *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996). Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

5.      Cochran's only challenge in this case to the proceeding described above is his contention that there was insufficient evidence. As noted, the requirement of due process in this context is that there be "some evidence" to support the decision being challenged. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

6.      Here, the evidence was constitutionally sufficient. The sharpened object was found in the cell assigned to Cochran. Even if this is not determined to be actual possession of the contraband, a rational trier of fact could easily find it to have been constructive possession, *see, e.g., White v. State,* 772 N.E.2d 408, 413 (Ind. 2002)(to support a conviction under this doctrine, the State must show "that the defendant had both the capability and the intent to maintain dominion and control over the contraband. Where control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of the contraband"), and that is enough to satisfy the some evidence requirement of *Hill. Henderson v. United States Parole*

*Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court will overturn the . . . [conduct boards] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

7.     "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Cochran to the relief he seeks. His arguments that he was denied the protection afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/20/2012

Distribution:

Larry Cochran
Reg. No. 08893-027
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Gerald.coraz@usdoj.gov

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana